```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------ X
                                     :
MCOM IP, LLC,                        :
                        Plaintiff,   :
                                     :           23cv8801 (DLC)
            -v-                      :
                                     :          OPINION AND
HSBC BANK USA, N.A.,                 :             ORDER
                        Defendant.   :
                                     :
------------------------------------ X
```

APPEARANCES:

For plaintiff:
David John Hoffman
Law Office of David J. Hoffman
29 Broadway, 27th Fl
New York, NY 10006

For defendant:
Rauvin A. Johl
Reshma C. Gogineni
Wilmer Culter Pickering Hale and Dorr LLP
60 State Street
Boston, MA 02109

DENISE COTE, District Judge:

A non-practicing entity ("NPE") mCom IP LLC ("mCom") has brought patent infringement claims against dozens of companies participating in the online banking market. One of these defendants, HSBC Bank USA, N.A. ("HSBC"), is the subject of this action and has moved to dismiss the First Amended Complaint ("FAC"). For the following reasons, its motion is granted.

**Background**

The following facts are drawn from the pleadings and the documents attached thereto, as well as official Patent Trial and Appeal Board documents and court filings in other infringement actions brought by the plaintiff in this district. For the purposes of deciding this motion, the FAC's factual allegations are accepted as true, and all reasonable inferences are drawn in the plaintiff's favor.

mCom is a Texas limited liability company that owns U.S. Patent No. 8,862,508 ("the '508 Patent") by assignment. The '508 Patent was filed in 2006 and issued in 2014. The Patent's abstract states: "A system and method for delivering a retail banking multi-channel solution that unifies interactive electronic banking touch points to provide personalized financial services to customers and a common point of control for financial institutions is provided."

The named inventors on the '508 Patent are Thomas Maiorino, a New Jersey patent attorney, and Daniel Taylor. Between 2006 and 2021, the '508 Patent was assigned to various entities associated with Thomas Maiorino, each with "mCom" in the name. In 2021, the '508 Patent was assigned to mCom IP, LLC. Carlos O. Gorrichategui III signed the 2021 assignment as the Manager of mCom. Gorrichategui is the president of Dynamic IP Deals, LLC, an NPE with a prolific case load. Since the 2021 transfer,

mCom has filed 10 patent infringement actions in this district alone, as well as at least 30 in other districts.  Eight of the S.D.N.Y. actions, including the instant action, were filed in October 2023.  All but two were dismissed, settled, or transferred, including another action assigned to this Court (mCom IP, LLC v. Amalgamated Bank, 23cv9550) in which a substantially identical complaint was filed.

On October 15, 2021, a nonparty to this action, Unified Patents, LLC, petitioned for inter partes review of claims 1, 3-7, 9-13, 15, 16, and 18-20 of the '508 Patent.  On February 8, 2023, the U.S. Patent and Trademark Office's Patent Trial and Appeal Board ("PTAB") issued a Final Written Decision concluding that claims 1, 3-7, 9-13, 15, 16, and 18-20 of the '508 Patent are unpatentable.  It found that each of these claims would have been obvious to a person of ordinary skill in the art at the time of the invention in light of the prior art.  mCom did not appeal that decision, and a certificate of cancellation was issued on April 26, 2023.[1]

On October 5, 2023, mCom filed this infringement action, alleging that HSBC infringed claims 2, 7, 14, and 17.  Claims 14 and 17 are both systems claims that depend on claim 13.  Claim 2

---

[1] When considering a motion to dismiss a patent infringement claim, a district court may take judicial notice of official PTAB records.  See Viskase Corp. v. American Nat. Can Co., 261 F.3d 1316, 1328 n.2 (Fed. Cir. 2001).

is a method claim depending on claim 1.  Claim 7 is an independent method claim that has been cancelled.  The FAC alleges that various aspects of HSBC's online banking system infringe on one or more claims of the '508 Patent.

Specifically, the FAC alleges that HSBC:

1) "[M]aintains, operates, and administers systems, products, and services of unified banking systems that infringe[] one or more claims of the '508 patent, including one or more of claims 2, 7, 14, and 17, literally or under the doctrine of equivalents."

2) Induces infringement by "actively encourage[ing] or instruct[ing] others (e.g., its customers and/or the customers of its related companies), and continues to do so, on how to construct a unified banking system of one or more of claims 2, 7, 14, and 17 of the '508 patent, literally or under the doctrine of equivalents."

3) Contributorily infringes by encouraging or instructing its customers "on how to use its products and services and related services that provide unified banking system such as to cause infringement."

mCom seeks a judgment that "Defendant has infringed the claims of the '508 patent"; an award of damages; an accounting for acts of infringement not presented at trial; a declaration that this case is "exceptional" pursuant to 35 U.S.C. § 285 and an award of attorneys' fees and costs; a declaration that HSBC's infringement was willful; and either a permanent injunction against future infringement or an award of damages for future infringement.

4

HSBC moved to dismiss the complaint on December 5, 2023. mCom was given an opportunity to amend in response to that motion and did so on January 3, 2024. Thereafter, HSBC renewed its motion to dismiss, which became fully submitted on February 21. In its motion, HSBC does not take any position regarding whether the '508 Patent satisfies 35 U.S.C. § 101.

## Discussion

To survive a motion to dismiss, a plaintiff alleging patent infringement must state a claim to relief that is plausible on its face. See Disc Disease Solutions Inc. v. VGH Solutions, Inc., 888 F.3d 1256, 1260 (Fed. Cir. 2018). That standard is met when the "plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citation omitted). Although it is not necessary to plead specific facts, the complaint must "give the defendant fair notice of what the claim is and the ground upon which it rests." Id. (citation omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Bot M8 LLC v. Sony Corporation of America, 4 F.4th 1342, 1352 (Fed. Cir. 2021) (citation omitted). Instead, a complaint must contain "some factual allegations that, when taken as true,

articulate why it is plausible that the accused product infringes the patent claim." Id. at 1353.

A patent owner "is not required to plead infringement on an element-by-element basis." Id. at 1352. Instead, the level of detail required to plead a plausible claim "will vary depending upon a number of factors, including the complexity of the technology, the materiality of any given element to practicing the asserted claim(s), and the nature of the allegedly infringing device." Id. at 1353.

HSBC argues that mCom has failed to plead either direct or indirect infringement by any identifiable HSBC product. It is correct. Claim 7 has already been cancelled by the Patent Office and thus cannot provide a basis for an infringement action. As to claims 2 and 14, the FAC does not identify any allegedly infringing HSBC product and mCom's opposition to this motion does not argue that it does. Thus, this motion hinges on whether a cause of action has been adequately pleaded for claim 17. The FAC attaches a claim chart purporting to map the elements of claim 17 onto various HSBC services but nonetheless fails to identify any specific HSBC product that infringes claim 17 or to plausibly allege that any HSBC product practices all limitations of the claim. Finally, because the FAC does not allege facts sufficient to allow an inference that at least one

direct infringer exists, it fails to state a claim for indirect infringement.

I.  Claim 7

Claim 7 has already been found by PTAB to be unpatentable in a Final Written Decision issued under 35 U.S.C. § 318(a). Unified Patents, LLC v. mCom IP, LLC, IPR2022-00055, Final Written Decision at 2 (PTAB Feb. 8, 2023).  35 U.S.C. § 141(c) provides that a party to an inter partes review "who is dissatisfied with the final written decision of the [PTAB] under section 318(a) . . . may appeal the Board's decision only to the United States Court of Appeals for the Federal Circuit."  mCom has not done so, and the certificate cancelling claims 1, 3-7, 9-13, 15, 16, and 18-20 was issued on April 26, 2023.  "[W]hen a claim is cancelled, the patentee loses any cause of action based on that claim, and any pending litigation in which the claims are asserted becomes moot."  Sanofi-Aventis U.S., LLC v. Dr. Reddy's Laboratories, Inc., 933 F.3d 1367, 1373 (Fed. Cir. 2019) (citing Fresenius USA, Inc. v. Baxter Int'l, Inc., 721 F.3d 1330, 1340 (Fed. Cir. 2013)).  mCom thus has no cause of action based on claim 7.

II.  Claims 2 and 14

HSBC argues that the infringement claims relating to claims 2 and 14 must be dismissed because the FAC does not offer any

7

details regarding the infringement allegations and fails to identify any allegedly infringing HSBC product.  It is correct.

A plaintiff "cannot assert a plausible claim for infringement under the Iqbal/Twombly standard by reciting the claim elements and merely concluding that the accused product has those elements."  Bot M8 LLC, 4 F.4th at 1353.  That is exactly what plaintiff has done regarding claims 2 and 14.  The FAC is utterly devoid of any allegations to support an inference that a product of HSBC has infringed either claim 2 or 14. Neither the FAC nor the attached claim chart points to any HSBC product in reference to claims 2 or 14, and thus fails to give HSBC "fair notice of what the claim is [or] the ground upon which it rests."  Disc Disease, 888 F.3d at 1260 (citation omitted).

In opposition to this motion, mCom contends that it has identified the accused product, to wit, "HSBC Digital Banking," and provided images of that product that appear on the HSBC website.  But that product name does not appear in the FAC. Accordingly, the FAC is dismissed insofar as it relies on claims 2 or 14.

III. Claim 17

The FAC includes a claim chart that purports to map claim 17 against certain HSBC marketing materials.  HSBC argues that the screenshots of various HSBC web pages included in the claim

chart do not sufficiently identify an accused product.  HSBC further argues that even if an accused product had been sufficiently identified, mCom has not plausibly alleged that HSBC practices all the limitations of claim 17.  HSBC is correct.

Claim 17 is dependent on the now-cancelled system claim of claim 13, which is as follows:

> A unified electronic banking system, said system comprising:
>
> a common multi-channel server, wherein said multi-channel server is communicatively coupled to one or more independent computer systems;
>
> wherein each of one or more independent computer systems is associated with an independent financial institution, and each of said computer systems is communicatively coupled to said multi-channel server;
>
> one or more e-banking touch points, each of which comprise one or more of an automatic teller/transaction machine (ATM), a self-service coin counter (SSCC), a kiosk, a digital signage display, an online accessible banking website, a personal digital assistant (PDA), a personal computer (PC), a laptop, a wireless device, or a combination of two or more thereof, wherein one or more of said e-banking touch points are communicatively coupled to said multi-channel server, and wherein at least one of said e-banking touch points is in communication with one or more financial institutions through said multi-channel server; and
>
> a data storage device, wherein transactional usage data associated with a transaction initiated by a user through one of said e-banking touch points is stored in said data storage device and accessed by one or more of said other e-banking touch points;

>     wherein said active session is monitored via said
>     server in real-time for selection of targeted
>     marketing content correlated to said user-defined
>     preferences, said targeted marketing content
>     correlated to said user-defined preferences is
>     selected subsequent to said monitoring and transmitted
>     in real-time to at least one of said e-banking touch
>     points for acceptance, rejection, or no response by a
>     user, and wherein said response by said user is used
>     during said active session to determine whether
>     transmission of additional information related to said
>     marketing content occurs during said active session.

Dependent claim 17 adds: "[t]he system of claim 13, wherein said system provides said one or more financial institutions with a common point of control of functionality provided by said system."

The claim chart asserts that the screenshots represent "HSBC Bank USA Digital Banking Solutions."  But, as HSBC argues, neither the FAC nor the claim chart explain which specific HSBC products are encompassed by "Digital Banking Solutions".  Nor do they point to any HSBC document adopting or defining that term.  The claim chart includes screenshots of an HSBC web page titled "Ways to Bank" (available at https://perma.cc/9RUA-YA3K), which includes links titled "HSBC Mobile Banking App" and "Personal Internet Banking."  The chart also includes a screenshot of HSBC's privacy policy on cookies (available at https://perma.cc/WV8Q-LV39), with various statements about the purpose and function of cookies underlined.  mCom's opposition to HSBC's motion to dismiss the FAC refers to the "accused

10

product" as being "HSBC's digital banking, which is comprised of many 'Solutions.'" This does not cure the problem, however, since the word "Solutions" does not appear on any of the screenshots.

Taking screenshots of disparate HSBC online banking options without explaining the alleged relationship between the disparate offerings does not identify an accused product so as to give HSBC fair notice of what the claim is. Further, the claim chart does not plausibly allege that the alleged system satisfies all limitations of claim 17.

For instance, claim 13, on which claim 17 depends, requires that a multi-channel server monitors a user's active session in real-time for selection of targeted marketing content "wherein said response by said user is used during said active session to determine whether transmission of additional information related to said marketing content occurs during said active session." The screenshots of HSBC's cookies policy instead refer to the use of cookies to "identify your preferences and enhance your <u>future</u> visits to our Digital Services."

Likewise, the claim chart fails to allege that HSBC online banking options provide HSBC with "a common point of control of functionality provided by said system" -- that is, the only element distinguishing claim 17 from the cancelled claim 13.

11

Instead, the chart again refers to a screenshot of the Ways to Bank webpage and appears to allege that a single log-in menu and a single "menu for navigation from all their digital banking touch points, such as: Cell phones, PC's, ATM's etc" provide such "common point of control of functionality."  An allegation that a single web page provides <u>customers</u> links to a variety of online banking options does not allow a reasonable inference that <u>HSBC</u> is provided with a common point of control of the supposed system's functionality on the back end.

Although a plaintiff "is not required to plead infringement on an element-by-element basis," <u>Bot M8 LLC</u>, 4 F.4th at 1352, the complaint must "do more than merely allege entitlement to relief; it must support the grounds for that entitlement with sufficient factual content."  <u>Id.</u>  Further, given that the level of detail required depends on, <u>inter alia</u>, "the materiality of any given element to practicing the asserted claim(s)," a failure to plausibly plead the <u>only</u> element distinguishing a dependent claim from the cancelled claim on which it depends precludes a reasonable inference that the plaintiff is entitled to relief.  <u>Id.</u> at 1353.

Thus, mCom has failed to state a claim for direct infringement because it has neither sufficiently identified the

accused product nor plausibly alleged that an HSBC product practices all limitations of any claim of the patent in suit.

Finally, to state a claim for indirect infringement, a plaintiff must "plead[] facts sufficient to allow an inference that at least one direct infringer exists." In re Bill of Lading Transmission and Processing System Patent Litigation, 681 F.3d 1323, 1336 (Fed. Cir. 2012).  Because the FAC fails to state a claim for direct infringement, mCom's claim for indirect infringement must also be dismissed.

mCom's opposition to this motion does not substantively grapple with any of HSBC's arguments for dismissal. Accordingly, the FAC is also dismissed to the extent it asserts infringement of claim 17.

IV. Dismissal with Prejudice

HSBC has moved to dismiss the FAC with prejudice.  In its initial motion to dismiss, HSBC made each of the arguments on which it relies in moving to dismiss the FAC.  The plaintiff was given an opportunity to amend in response to that initial motion and warned that it be unlikely to have a further opportunity. Despite the notice given by that initial motion and the warning, mCom explains that it simply took the opportunity to amend its complaint to "make it comport" with its other pending complaints.  It now asks for another opportunity to amend its pleading but offers no explanation how that amendment would cure

13

mCom attached a proposed second amended complaint. A plaintiff "need not be given leave to amend if [it] fails to specify . . . how amendment would cure the pleading deficiencies in [its] complaint." <u>Melendez v. Sirius XM Radio, Inc.</u>, 50 F.4th 294, 309 (2d Cir. 2022) (citation omitted). Here, mCom has "failed to articulate" any additional allegations that could save its infringement claims. <u>Id.</u> Thus, HSBC's request that the dismissal of mCom's claims be with prejudice is granted.

### Conclusion

HSBC's January 26 motion to dismiss the FAC with prejudice is granted.

Dated:  New York, New York
        April 19, 2024

                                        _____
                                        DENISE COTE
                                        United States District Judge